UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FREEDOM FROM RELIGION | : | NO.:  3:16-CV-00477-JBA |
| FOUNDATION and JEROME H. BLOOM | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF SHELTON, CONNECTICUT; | : | |
| MARK A. LAURETTI, in his official | : | |
| capacity; and RONALD HERRICK, in his | : | |
| official capacity | : | MAY 27, 2016 |

## JOINT FORM 26(f) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:** March 22, 2016
**Date Complaint Served:** March 28, 2016
**Date of Defendants' Appearance:** April 15, 2016

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. R. 16, a conference was held on May 27, 2016. The participants were:

Elizabeth Cavell and Andrew Seidel for the plaintiffs

Ondi Smith for the defendants

## I.  Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defense and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.  Jurisdiction

A.  Subject Matter Jurisdiction

1

The Court has jurisdiction of the above captioned mater pursuant to the provisions of §1331 of Title 28 and §§12201 and 1343 of Title 28 of the United States Code.

B.  Personal Jurisdiction

Defendants do not contest personal jurisdiction.

## III.   Brief Description of the Case

A.  Claims of Plaintiff:

Plaintiffs allege that the City of Shelton improperly censored Plaintiffs' holiday display in a public park, in violation of Plaintiffs' Free Speech and Equal Protection rights. The City of Shelton opened the park to private displays, with no criteria other than the city's "right to object." The city allowed one private group to erect its religious display in the park, depicting heralding angels, but denied Plaintiffs' display, which stated there are "no angels," because the city determined the display's nonreligious message would be "offensive to many." Plaintiffs seek declaratory and injunctive relief, as well as nominal damages, costs, and attorneys' fees.

B.  Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants:

Defendants deny the allegations in the complaint.

C.  Defenses and Claims of Third Party Defendants:

Not Applicable.

**IV.     Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following materials facts are undisputed:

1.      The defendant, Mark A. Lauretti, was the mayor of the City at all times mentioned in the Complaint.

2.      The defendant, Ronald Herrick, was the Parks and Recreation director of the City at all times mentioned in the Complaint.

Further undisputed facts will be identified at the time the pleadings are closed.

**V.      Case Management Plan**

A.   Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Scheduling Order on Scheduling Civil Cases as follows:

B.   Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.   Early Settlement Conference

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.      The parties do not request an early settlement conference.

3.      The parties prefer a settlement conference with a United States Magistrate Judge.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.      Joinder of Parties and Amendment of Pleadings

1.      Plaintiff should be allowed until June 29, 2016, to file motions to amend the pleadings, and, until the same date to file motions to join additional parties.

2.      Defendants should be allowed until June 15, 2016 to file a response to the complaint or twenty-one (21) days after the filing of an Amended Complaint to respond to the amended pleadings, and shall have the same period of time to file motions to join additional parties.

E.      Discovery

1.      The parties anticipate that discovery will be needed on the following subjects:  all of the plaintiff's claims; the affirmative defenses of the defendants; and damages.

2.      All discovery, including depositions of expert witnesses pursuant to Fed. R. civ. P. 26(b)(4), will be completed (not propounded) by **September 21, 2016.**

3.      Discovery will not be conducted in phases.

4.      The parties anticipate that the plaintiff will require a total of six (6) depositions of fact witnesses and that the defendants will require a total of two (2) depositions of fact witnesses. The depositions will commence and be completed within the time frame set forth in by in subparagraph b, of paragraph E. above.

5.      The parties will not request permission to serve more than 25 interrogatories.

6.      Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **October 21, 2016,** a date not later than three months before the date for completing all discovery. Depositions of such experts will be completed by **November 21, 2016,** a date not later than two months before the deadline for completing all discovery**.**

7.      Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **December 21, 2016**, a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by **January 21, 2017**, a date not later than the discovery cutoff date.

8.      A damages analysis will be provided by any party who has claim or counterclaim for damage—**Not applicable**.

9.      Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information or the parties have been unable to reach agreement on the procedures for the preservation, disclosure and management of electronically stored information.  Following is the position of each party:

The parties agree to preserve electronically stored records (as they may exist) retroactive to the date of the first event alleged in the Complaint.  The parties will reach further agreement on exactly the form the disclosure of the electronic information will take.  Counsel agree to instruct the parties to preserve these records.  As more information becomes available, the parties will reach an agreement on costs of electronic discovery.

10.     Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  Pursuant to Federal Rule of Evidence 502(e), the parties expressly agree that the inadvertent production of privileged information will not constitute a waiver of the privilege.  The parties agree to the following procedures for asserting claims of privilege after production:

If any information that is privileged or subject to work-product is disclosed, the party to whom it is disclosed will notify opposing counsel immediately, and the disclosing party will have thirty (30) days to assert the privilege and seek the return of the information.  The party to whom the information is disclosed agrees not to review the information after recognizing that a privilege or work-production protection applies and further not to duplicate that information or further disclose it.  The parties further agree to utilize Local Rule 26(e)'s privilege log under that rule's terms and conditions, with exceptions noted therein, and further agree to work with each other in good faith to avoid any discovery dispute.  In the event that any information that is privileged or subject to work-product protection is disclosed, Federal Rule 26(b)(5)(B) shall control.

F.  Dispositive Motions

Dispositive motions will be filed on or before **October 21, 2016**.

G.   Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **May 1, 2017,** or thirty (30) days after this court rules on any summary judgment motion filed by the defendants, whichever is later.

VI.   TRIAL READINESS

The case will be ready for trial by **June 1, 2017,** or thirty (30) days after the joint trial memorandum is filed, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS,

FREEDOM FROM RELIGION FOUNDATION
and JEROME H. BLOOM


By   /s/ Elizabeth Cavell
   Elizabeth Cavell
   WI State Bar No. 1089353
   Freedom From Religion Foundation
   P.O. Box 750
   Madison, WI 53701
   (608) 256-8900
   (608) 204-0422 (Fax)
   E-Mail:ECavell@ffrf.org

DEFENDANTS,

CITY OF SHELTON, CONNECTICUT; MARK A.
LAURETTI, in his official capacity; and RONALD
HERRICK, in his official capacity

By___/s/ Ondi A. Smith_
   Ondi A. Smith
   432389
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail:OSmith@hl-law.com

## CERTIFICATION

This is to certify that on May 23, 2016, a copy of the foregoing **Joint Form 26(f) Report of Parties' Planning Meeting** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


Laurence J. Cohen, Esq.
1145 Main Street, Suite 505
Springfield, MA 01103

Elizabeth Cavell, Esq.
Ryan D. Jayne, Esq.
Freedom From Religion Foundation
P.O. Box 750
Madison, WI 53701
(Pro Hac Vice)



        /s/ Ondi A. Smith
                Ondi A. Smith